# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEX WATSON, JR.,**

       **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:08-cv-1613-Orl-35DAB**

**IMAGE TECHNICAL SERVICES, INC.,**
**JAMES R. NOBLE,**

       **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument on the issues related to the representations in the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE AFFIRMATIVE DEFENSES (Doc. No. 12)** |
| **FILED:** | **October 17, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE REPLY (Doc. No. 20)** |
| **FILED:** | **November 14, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** as unnecessary. Leave to file a reply was granted in Doc. No. 18.

Plaintiff filed a Motion to Strike Affirmative Defenses (Doc. No. 12) on October 17, 2008. Doc. No. 12. Defendants filed their Response on October 31, 2008, in which Defendants' counsel represented that Plaintiff had not conducted a good-faith conference or attempt to resolve the issues before filing Plaintiff's Motion. Doc. No. 16. Plaintiff moved to file a Reply, which was granted

(Doc. No. 18). In the Reply (Doc. No. 20), Plaintiff's counsel stated that Defendants' counsel "misrepresented to this Court that Plaintiff's counsel did not confer with opposing counsel prior to filing said Motion." Doc. No. 20 at 2. Plaintiff's counsel stated that she sent to Defendants' counsel a copy of the Motion to Strike via electronic correspondence at 1:44 p.m. on October 17, 2008, and attached a copy of the email correspondence. Doc. No. 20. However, the CM/ECF system shows that the Motion to Strike was docketed at 12:04 p.m., one hour and forty minutes before the Motion was electronically sent to Defendants' counsel. *See* Notice of Electronic Filing for Doc. No. 12.

At an evidentiary hearing on the matter held on November 25, 2008, Plaintiff's counsel, Nannette Piccolo, stated that there had been a "miscommunication" with her paralegal. She was unaware that her paralegal had already filed the Motion to Strike in CM/ECF when she sent the email to Defendants' counsel with the Motion attached. She believed that she had already sent the email with the attachment at the time the Motion was filed in CM/ECF.

As the Court pointed out at the hearing, there are two problems with the way this matter unfolded. Ms. Piccolo, not her paralegal, is responsible for the timing and filing of motions to which her name is applied. More significantly, Ms. Piccolo had the opportunity in her Reply Memorandum to identify the "miscommunication" with Defendants' counsel and clarify the matter for the Court. Instead, Ms. Piccolo chose to cast aspersions on Defendants' counsel, a very serious matter that never should have happened had Ms. Piccolo identified the "miscommunication" prior to filing her Reply. Ms. Piccolo represented to the Court, and Defendants' counsel agreed, that she had apologized in writing and in person for her misrepresentations to the Court.

It is **ORDERED** as follows pursuant to Fed. R. Civ. P. 37:

1. Portions of the pleadings that refer to "misrepresentations" by Defendants' counsel are **STRICKEN**;

2. Plaintiff's counsel, Nannette Piccolo, Esq., is **ORDERED** to pay motions costs to Defendants of $350 within 11 days of the date of this Order.

3. Plaintiff's counsel, Nannette Piccolo, Esq., is **PUBLICLY REPRIMANDED** for her conduct in this case, as set forth above. There will be no bar referral at this time.

**DONE** and **ORDERED** in Orlando, Florida on November 25, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record